UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD BEAVER,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>JOHN AND JANE DOES 1–10,<br><br>　　　　　　　Defendants. | CASE NO. 2:25-cv-00454-LK<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on the United States' motion to dismiss, Dkt. No. 6,[1] and Plaintiff Ronald Beaver's three requests for judicial notice, Dkt. Nos. 12, 13, 15. For the reasons set forth below, the Court grants the United States' motion and denies Mr. Beaver's requests.

## I. BACKGROUND

Mr. Beaver filed the complaint in this action on March 13, 2025. Dkt. No. 1. He alleges that the Internal Revenue Service ("IRS") and various unidentified IRS employee defendants, John

---

[1] The complaint's caption lists Defendants John and Jane Does 1 through 10 as "Officers, Employees, or Agents of the Internal Revenue Service[.]" Dkt. No. 1 at 1. In the section titled "Parties to the Action," the complaint lists the Plaintiff and the Internal Revenue Service. *Id.* at 3.

ORDER GRANTING MOTION TO DISMISS - 1

and Jane Does 1–10, violated his rights to "financial privacy" and "procedural due process" by asking for certain of his financial records from his bank. *Id.* at 16–18. He seeks monetary damages, injunctive relief, attorney's fees, costs of litigating this action, and referral of IRS employees "for disciplinary action . . . or criminal prosecution." *Id.* at 19.

Though Mr. Beaver "maintains an abode within . . . the organic Union state named Washington," he alleges that he is not aware of having been "liable to pay any tax" "since at least 2021," including because he is not, and "has never been[,] a citizen or resident of the federal 'United States.'" *Id.* at 3, 12. In February 2025, Mr. Beaver received notices from his bank that it had received two legal orders from the IRS requiring it "to provide [the IRS] with a copy of [various] requested records" concerning two bank accounts with which Mr. Beaver is associated. *Id.* at 13 (citing Dkt. No. 1 at 74–75). Mr. Beaver argues that the IRS lacked the authority to request these bank records, and that the IRS and its unknown agents and employees violated his rights to "financial privacy" and "due process" "as provided by 12 U.S.C. Chapter 35"; i.e., the Right to Financial Privacy Act ("RFPA"). *Id.* at 16–18; *see also id.* at 9–10 (discussing summons authority conferred on IRS by 26 U.S.C. § 7602 *et seq.*).

This motion to dismiss followed. The United States argues that the Court should dismiss Mr. Beaver's complaint for lack of subject matter jurisdiction and for failure to state a claim. Dkt. No. 6 at 1. After briefing was completed on the motion to dismiss, Mr. Beaver filed a surreply and three requests for judicial notice. Dkt. Nos. 11–13, 15.

## II. DISCUSSION

**A. The United States is Substituted as the Defendant in this Action**

As a preliminary matter, the United States argues that it, and not the IRS or its officers and employees, is the real party in interest here and should properly be substituted as the defendant in this action. Dkt. No. 6 at 4–5. Mr. Beaver does not oppose this request. Dkt. No. 8 at 2. The Internal

Revenue Code, located at Title 26 of the United States Code, permits taxpayer challenges to certain IRS employee or officer activities pertaining to "any provision of this title . . . in connection with any collection of Federal tax," but only when such challenges are brought "against the United States in a district court of the United States." 26 U.S.C. § 7433(a). In addition, in any lawsuit where the requested relief would "expend itself on the public treasury or domain," the United States is the proper party defendant. *Dugan v. Rank*, 372 U.S. 609, 620 (1963); *see also Brown v. United States*, No. 508-CV-118-OC-10GRJ, 2009 WL 2044684, at *2 (M.D. Fla. July 10, 2009) ("The proper approach when the IRS is sued is to treat the action as one brought against the United States."). Accordingly, the Court dismisses the Doe Defendants and substitutes the United States as the Defendant in this action.

**B.      The Court Strikes Mr. Beaver's Surreply**

After the United States filed its reply in support of its motion to dismiss, Mr. Beaver filed a surreply. Dkt. No. 11. A party may file a surreply that "requests to strike material contained in or attached to a reply brief[.]" LCR 7(g). A surreply "shall be strictly limited to addressing the request to strike. Extraneous argument or a surreply filed for any other reason will not be considered." LCR 7(g)(2). Mr. Beaver's surreply is not limited to "requests to strike material" in the United States' reply brief and instead substantively responds to various arguments. *See generally* Dkt. No. 11. Because Local Civil Rule 7(g) does not allow a surreply under those circumstances, the Court does not consider the surreply.[2] Mr. Beaver is reminded that all parties, including those proceeding pro se, are required to comply with the Court's orders and rules, and the Court may impose sanctions for further violations.

---

[2] Even if the Court considered the surreply, it would still grant the motion to dismiss for the reasons stated herein.

ORDER GRANTING MOTION TO DISMISS - 3

**C.    Mr. Beaver's Claims Fail under Rules 12(b)(1) and 12(b)(6)**

1. <u>Legal Standard</u>

A jurisdictional dismissal under Rule 12(b)(1) is warranted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). In a facial attack to subject matter jurisdiction, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6)[.]" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Rule 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Under this standard, the Court construes the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court need not, however, accept as true legal conclusions or "formulaic recitations of the elements of a cause of action." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation modified). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

2. <u>Mr. Beaver's Claims are Dismissed</u>

The United States argues that the Court should dismiss Mr. Beaver's claims against it because his complaint fails to identify a waiver of the United States' immunity. Dkt. No. 6 at 5.

Specifically, (1) Mr. Beaver's claims under 12 U.S.C. § 3416 are barred because the statute does not apply to IRS summons and therefore cannot provide a waiver of immunity; and (2) Mr. Beaver's requests for relief would be impermissible in a proper action to quash IRS summonses. *Id.* at 5–6. The United States also argues that, "[a]part from the Complaint's failure to state a valid basis for subject matter jurisdiction, it also fails to state any claims upon which relief can be granted." *Id.* at 7.

A plaintiff suing the United States must identify an unequivocal waiver of its sovereign immunity. *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998). If no waiver has been identified, the federal court lacks subject matter jurisdiction on this basis alone, and the case must be dismissed. *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 489 (1983). Again, here Mr. Beaver asserts violations of his rights to financial privacy and due process under RFPA. Dkt. No. 1 at 16–18. RFPA provides that, except in limited circumstances, "no Government authority may have access to or obtain copies of, or the information contained in[,] the financial records of any customer from a financial institution." 12 U.S.C. § 3402. Mr. Beaver's complaint asserts that RFPA waives the United States' sovereign immunity regarding suits of this sort. Dkt. No. 1 at 2. The statutory language to which Mr. Beaver cites, 12 U.S.C. § 3416, specifies that "[a]n action to enforce any provision of this chapter may be brought in any appropriate United States district court without regard to the amount in controversy within three years from the date on which the violation occurs or the date of discovery of such violation, whichever is later."

However, RFPA carves out the very activity upon which his claims are based: 12 U.S.C. § 3413(c) states that "[n]othing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by title 26." As this plain language indicates, the statute "does not apply to summonses issued pursuant to 26 U.S.C. § 7609 because, to state the obvious, they are summonses 'in accordance with the procedures authorized by Title 26.'" *Neilson v. United*

ORDER GRANTING MOTION TO DISMISS - 5

*States*, 674 F. Supp. 2d 248, 255 (D.D.C. 2009); *see also Grant v. IRS*, No. 06–CV–402–JMH, 2007 WL 2174731, at *4 (E.D. Ky. July 27, 2007) (under the plain language of Section 3413(c), "RFPA's notice requirements . . . simply do not apply to" IRS summons issued to a bank under 26 U.S.C. § 7609). Mr. Beaver does not set forth any plausible allegations that the summonses were not issued in accordance with the procedures authorized by Title 26.[3] Thus, nothing in RFPA—including Section 3416—waives the United States' immunity for claims like Mr. Beaver's that challenge IRS summonses.[4]

---

[3] Mr. Beaver argues that "title 26 is not 'self-executing' against members of the general public such as Beaver"; instead, the IRS's "authority to act against members of the general public can only arise in conjunction with a substantive published regulation implementing a specific statute." Dkt. No. 8 at 1–2, 6. As the United States points out, Dkt. No. 9 at 4, 26 U.S.C. § 7602(a) grants "the Secretary" authority to examine a taxpayer's books and records, issue summonses, take testimony of a taxpayer for the purposes of ascertaining the correctness of any return, make a return where none is filed, determine the liability of any person for any internal revenue tax, and collect any such liability. Section 7701(a)(11)(B) defines "the Secretary" as the Secretary of the Treasury or his delegate. And the regulations confirm that the Secretary of the Treasury has delegated such authority to the IRS. *See, e.g.*, 26 C.F.R. § 301.7602-1(a). Mr. Beaver's arguments on this point lack merit.

Mr. Beaver also alleges that he "is not in receipt of any evidence that, since at least 2021, [he] is or was liable to pay any tax or has or had a duty or other obligation to file any return or statement governed by title 26"; he "has never been a citizen or resident of the federal 'United States'"; he "never elected to be treated for federal tax purposes *as if* he were a resident or citizen of the federal 'United States'"; he "never owned a 'taxpayer identification number' or a 'social security number'"; and he "is not in receipt of any contract or other document in which [he] genuinely consents in unmistak[]able terms and under conditions of full disclosure to the IRS adversely affecting [his] rights without an act of Congress *and* corresponding substantive published regulation that provide the IRS with authority to adversely affect [his] rights." Dkt. No. 1 at 12. He provides no legal or factual support for these assertions, and the Court can discern none. *See* Dkt. No. 13 at 13 (Mr. Beaver attesting that "I have lived and maintained an abode upon the Land of various states of the Union from the time I was born to the present date"); *Farrell v. Blinken*, 4 F.4th 124, 224 (D.C. Cir. 2021) ("[I]f a man renounces his citizenship alone in the forest, and the government is not around to hear it, he remains a citizen. . . . [R]ecognition of expatriation is inextricably bound with expatriation."); *Wilcox v. Comm'r*, 848 F.2d 1007, 1008 (9th Cir. 1988) ("paying taxes is not voluntary"); *El Bey v. Bataillon*, No. 8:24CV32, 2024 WL 4906137, at *3 (D. Neb. Nov. 27, 2024) (noting that similar arguments have been "repeatedly rejected as frivolous"); *United States v. Carman*, No. MC 06-24 MCA, 2007 WL 9729022, at *1 (D.N.M. Nov. 9, 2007) (rejecting similar arguments as a "hackneyed tax protester refrain" that "defies credulity").

[4] 26 U.S.C. § 7609 is "the exclusive method by which a taxpayer can challenge a summons issued by the IRS to a third-party recordkeeper." *Viewtech, Inc. v. United States*, 2009 WL 3378990, at *1 (S.D. Cal. Oct. 16, 2009) (citing *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985)). Section 7609(b)(2) allows parties entitled to notice of an IRS summons to bring a proceeding to quash an IRS summons if they follow certain procedures. 26 U.S.C. § 7609(b)(2). As the United States points out, Mr. Beaver "does not allege that [he] is a person entitled to notice of the summonses issued to Wells Fargo or that he followed the procedures outlined in § 7609(b)(2) to initiate a proceeding to quash the summons." Dkt. No. 6 at 6. Indeed, Mr. Beaver does not advance claims under Section 7609 in this case; he filed an entirely separate lawsuit in an attempt to do so. *Beaver v. United States of America*, Case No. 25-cv-557-JLR (W.D. Wash.). Furthermore, even assuming without deciding that Mr. Beaver had standing to initiate a proceeding under Section 7609, that section does not permit Mr. Beaver's requested remedies of monetary relief and referral for disciplinary action or criminal prosecution. *See Ramirez v. United States*, No. SACV 14-1299-JLS ANX, 2015 WL

In addition, courts have repeatedly rejected constitutional claims, including due process claims, challenging IRS summonses and similar governmental investigative activities. *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 742 (1984) ("[T]he Due Process Clause of the Fifth Amendment . . . is [not] offended when a federal administrative agency, without notifying a person under investigation, uses its subpoena power to gather evidence adverse to him."); *Hannah v. Larche*, 363 U.S. 420, 442 (1960) (holding that procedural due process rights do not apply "when governmental action does not partake of an adjudication, as for example, when a general fact-finding investigation is being conducted"); *Aponte v. Calderón*, 284 F.3d 184, 193 (1st Cir. 2002) ("[I]nvestigations conducted by administrative agencies, even when they may lead to criminal prosecutions, do not trigger due process rights.").[5] This Court does so too.

### D.    Mr. Beaver's Requests for Judicial Notice are Procedurally Improper

After briefing was complete on the United States' motion to dismiss, Mr. Beaver filed three requests for judicial notice of adjudicative facts. Dkt. Nos. 12, 13, 15. The caption of each request states that it is "in support of Plaintiff's verified complaint." Dkt. No. 12 at 1; Dkt. No. 13 at 1; Dkt. No. 15 at 1. Mr. Beaver also states that taking judicial notice of the content in his requests is

---

3606218, at *5 (C.D. Cal. Mar. 11, 2015) ("Plaintiffs have cited no authority, and the Court knows of none, that permits Plaintiffs to bring an action for damages or termination of IRS employees in this Court under § 7609.").

[5] *See also Harper v. Werfel*, 118 F.4th 100, 113 (1st Cir. 2024) ("[B]ecause Harper could not reasonably expect Coinbase, faced with an IRS summons, to withhold the type of financial information he chose to submit to the company (or the related Coinbase records), Harper lacks a cognizable due process interest in the confidentiality of those records."), *cert. denied sub nom. Harper v. Faulkender*, No. 24-922, 2025 WL 1787823 (U.S. June 30, 2025); *Presley v. United States*, 895 F.3d 1284, 1291 (11th Cir. 2018) (where a third-party bank holds the financial records the IRS seeks, these records are "not confidential communications" in which plaintiffs had a reasonable expectation of privacy because "they are simply registries of financial transactions"); *Zietzke v. United States*, 426 F. Supp. 3d 758, 769 (W.D. Wash. 2019) (denying petitioner's motion to quash IRS summons for information relating to petitioner's holdings with a cryptocurrency exchange and holding that he "lack[ed] a legitimate expectation of privacy in those records"); *Ramirez v. United States*, No. SACV 13-00268 JVS, 2013 WL 10822053, at *5 (C.D. Cal. June 10, 2013) ("[E]ven if the conduct of [the IRS agents] violated Ramirez's constitutional rights, *Bivens* relief for personal liability of government officials is not available for violations by IRS officials involved in the process of assessing and collecting taxes."); *Moyes v. United States*, No. 1:10MC00021SKO, 2010 WL 3432246, at *5 (E.D. Cal. Aug. 31, 2010) (holding that IRS summons to plaintiff's bank did not violate his due process rights because "the Due Process Clause is not implicated when a federal administrative agency uses its subpoena power to gather evidence against a taxpayer because an administrative investigation adjudicates no legal rights").

ORDER GRANTING MOTION TO DISMISS - 7

1  "necessary" for a "just adjudication" of his complaint and the United States' motion to dismiss.

2  Dkt. No. 12 at 2; Dkt. No. 13 at 2; Dkt. No. 15 at 3. These requests are procedurally improper

3  attempts to amend Mr. Beaver's complaint in piecemeal fashion and file late and supplemental

4  briefing in opposition to the motion to dismiss. Fed. R. Civ. P. 15(a); LCR 7(b)(2), -(d)(4); *Ferdik*

5  *v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (an amended complaint operates as a complete

6  substitute for an original pleading). The Court therefore DENIES the requests.[6] The Court may

7  summarily strike procedurally improper filings in the future.

8  **E.   The Court Grants Limited Leave to Amend**

9        Leave to amend should in general be freely granted. Fed. R. Civ. P. 15(a)(2). If amendment

10 would be futile, however, leave should not be granted. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

11 Cir. 1987); *see also Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010); *Carolina Cas. Ins. v.

12 Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014). Further, the Court is mindful that "[u]nless

13 it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice

14 of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas*

15 *v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995).

16       Mr. Beaver is granted limited leave to amend his RFPA claim to the extent he can plausibly

17 allege that there exists a valid waiver of the United States' sovereign immunity. All of his other

18 claims, including but not limited to his due process claims, are dismissed with prejudice and

19 without leave to amend.

20                          **III.   CONCLUSION**

21       For the reasons stated above, the Court orders as follows:

22       1.    The Internal Revenue Service and its unidentified officers and agents (the "Doe"

---

[6] Even if the Court considered the requests, it would still grant the United States' motion to dismiss for the reasons stated herein.

ORDER GRANTING MOTION TO DISMISS - 8

Defendants), are DISMISSED from this action and SUBSTITUTED by the United States as the proper party in interest;

    2.     The United States' motion to dismiss is GRANTED, Dkt. No. 6; and

    3.     Mr. Beaver's three pending requests for judicial notice of adjudicative facts in support of his complaint, Dkt. Nos. 12–13, 15, are DENIED.

Mr. Beaver's amended complaint, should he choose to file one, must provide a short and plain statement of the factual basis of his claim as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik*, 963 F.2d at 1262. For that reason, any amended complaint must clearly identify the defendant, the claim asserted, the specific facts that Mr. Beaver believes support the claim, and the specific relief requested. If Mr. Beaver does not file a proper amended complaint by August 6, 2025, this action will be dismissed with prejudice.

Dated this 16th day of July, 2025.

*Lauren King*
Lauren King
United States District Judge