UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD BEAVER,<br><br>                     Plaintiff,<br><br>         v.<br><br>JOHN AND JANE DOES 1–10,<br><br>                     Defendants. | CASE NO. 2:25-cv-00454-LK<br><br>ORDER DENYING MOTION TO DISMISS |

This matter comes before the Court on the United States' second motion to dismiss. Dkt. No. 20. For the reasons set forth below, the Court denies the motion.

**I.   BACKGROUND**

In February 2025, Plaintiff Ronald Beaver received notices from his bank that it had received two "legal order[s]" from the Internal Revenue Service ("IRS") requiring the bank "to provide [the IRS] with a copy of [various] requested records" concerning two bank accounts with which Mr. Beaver is associated. Dkt. No. 1 at 13 (citing *id.* at 74–75). On March 13, 2025, Mr. Beaver filed his initial complaint in this action, alleging that the IRS and various unknown IRS employees, John and Jane Does 1–10, violated his rights to "financial privacy" and "due process"

ORDER DENYING MOTION TO DISMISS - 1

"as provided by 12 U.S.C. Chapter 35"; i.e., the Right to Financial Privacy Act ("RFPA"). *Id.* at 1, 16–18; *see also id.* at 9–10 (discussing summons authority conferred on IRS by 26 U.S.C. § 7602 *et seq.*).

The Court subsequently substituted the United States for the Defendants listed in the complaint and granted the United States' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Dkt. No. 17. The Court granted Mr. Beaver limited leave to amend his RFPA claim "to the extent he c[ould] plausibly allege that there exists a valid waiver of the United States' sovereign immunity." *Id.* at 8. On August 4, 2025, Mr. Beaver timely filed an amended complaint. Dkt. No. 19.

In his amended complaint, Mr. Beaver alleges that Revenue Agent ("RA") Sandy Bachman—the revenue agent who "accessed [his] financial records after issuing a third-party administrative summons to Wells Fargo Bank, N.A. dated December 19, 2024"—"apparently failed to serve Beaver notice of the Summons as required by § 7609." Dkt. No. 19 at 2 (footnote omitted). While Mr. Beaver acknowledges that the United States is immune from suit under RFPA "if procedures authorized by title 26 were followed - or per §§ 3403(c)-(d), 3404, 3413, or 3414 if some other exception applies," he alleges that RA Bachman failed "to follow procedures authorized by title 26," and therefore the United States is not immune from his RFPA claim. *Id.* at 2–3 (emphasis and internal quotation marks omitted). Specifically, Mr. Beaver "is not in receipt of Bachman's purported notice of the Summons to Beaver," and "[e]ven if Bachman did mail Beaver notice of the Summons," she sent it to his old address despite Mr. Beaver notifying the IRS of a new address in September 2024. *Id.* at 8, 11–12. Mr. Beaver also accuses RA Bachman of falsely stating that she "served Beaver notice of the Summons by certified mail on December 19,

2024 in accordance with § 7609" in a declaration in a related case. *Id.* at 7–8.[1] As in his initial complaint, Mr. Beaver continues to allege that, although he "maintains his only abode within the territorial boundaries of the county named King within the organic Union state named Washington" and "was born in the organic Union state named Iowa," he "is not in receipt of any document that verifies that either (a) [he] has ever been a citizen or resident of any federal territory, possession, or property or (b) [he] has elected to be treated as if he were a citizen or resident of a federal territory, possession, or property[.]" Dkt. No. 19 at 5.

On August 20, the United States again moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Dkt. No. 20.

## II.   DISCUSSION

### A.   Legal Standard

A jurisdictional dismissal under Rule 12(b)(1) is warranted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). In a facial attack to subject matter jurisdiction, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6)[.]" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Rule 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Under this standard, the Court construes the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon*

---

[1] On March 28, 2025, Mr. Beaver filed a petition to quash two summonses that RA Bachman later issued to Wells Fargo and Bank of America. *Beaver v. United States of America*, 2:25-cv-00557-LK, Dkt. No. 1. Those summonses are not the subject of this action. *See* Dkt. No. 19 at 2 n.1.

*Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court need not, however, accept as true legal conclusions or "formulaic recitations of the elements of a cause of action." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation modified). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B.      Mr. Beaver States a Claim Under RFPA**

The United States argues that the Court should dismiss Mr. Beaver's claims against it because his complaint again fails to identify a waiver of the United States' immunity. Dkt. No. 20 at 4. Specifically, the declaration of RA Bachman attached to Mr. Beaver's complaint "establishes that the IRS issued an enforceable summons under procedures authorized by title 26"; therefore, RFPA cannot provide a waiver of sovereign immunity here. *Id.* at 5–6. The United States further argues that the notice of the summons was sent to Mr. Beaver's "last known address" within the meaning of 26 U.S.C. § 7609(a), and even if it should have been sent to a "new" address, the IRS still substantially complied with the procedures authorized by title 26 such that the summons is still enforceable (and there is no waiver of sovereign immunity) for purposes of RFPA. *Id.* at 8–12. Mr. Beaver disagrees that the latter scenario constitutes substantial compliance, arguing that "the summons *sans* notice was not a 'procedure authorized by title 26[.]'" Dkt. No. 24 at 2. He contends that "a pre-*Twombly* pleading standard" applies to his complaint, making his allegation that he did not receive the notice sufficient to survive dismissal under Rule 12(b)(6). *Id.* at 4–5, 11 (citing *Conley v. Gibson*, 355 U.S. 41 (1957) as the correct pleading standard for pro se litigants). As for RA Bachman's declaration, Mr. Beaver contends that without supporting documentation,

ORDER DENYING MOTION TO DISMISS - 4

it "is not granted the presumption of truth in the present context," and he "has plead sufficient 'specific, circumstantial evidence' of conduct 'contrary' to proper procedure and bad faith to warrant discovery of evidence about mailing of notice[.]" *Id.* at 11–12.

### 1. The Pleading Standard

As an initial matter, the *Conley* pleading standard has been abrogated, *see Iqbal*, 556 U.S. at 670 ("*Twombly* retired the *Conley* no-set-of-facts test"), and the liberality rule does not operate to resuscitate *Conley* for pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to pro se complaint). Instead, a pro se complaint is liberally construed under the correct pleading standard (i.e., *Twombly/Iqbal*). *Id.*; *see also Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) ("[W]e continue to construe pro se filings liberally when evaluating them under *Iqbal*.").

### 2. The United States' Motion to Dismiss is a Facial Attack on Subject Matter Jurisdiction

Review of a motion to dismiss is "generally limited to the face of the complaint," but a court may consider "materials incorporated into the complaint by reference[.]" *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 875–76 (9th Cir. 2012). A document can be considered "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Ninth Circuit has distilled the "incorporated by reference" inquiry into a three-part test: (1) the complaint must refer to the document; (2) the document must be central to the plaintiff's claim; and (3) the document's authenticity must be undisputed. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *accord Segar v. Allstate Fire & Cas. Ins. Co.*, No. C21-1526-JLR, 2022 WL 102035, at *5 (W.D. Wash. Jan. 11, 2022).

Here, RA Bachman's declaration and the attached exhibits are incorporated by reference into Mr. Beaver's complaint. He refers extensively to the declaration and exhibits, they are central to his claim, and the documents' authenticity is undisputed (although the parties dispute the

1  veracity of the statements therein). *See, e.g.*, Dkt. No. 19 at 1 ("Bachman appears to have later
2  published in a declaration one or more materially false statements under penalty of perjury to
3  conceal Bachman's failed duty to serve notice[.]"); *id.* at 7 ("Bachman admitted in a declaration
4  dated May 28, 2025 (the 'Declaration') authored for a separate action (then entitled No. 25-cv-
5  00557-JLR and since reassigned to this Court) that Bachman issued the Summons about December
6  19, 2024." (citing Exhibit 3 to the complaint—Bachman's declaration)); *id.* at 9 (citing to the
7  declaration and associated exhibits in arguments that "Bachman may be misrepresenting
8  Bachman's service of notice to Beaver" (some capitalization removed)). Indeed, all nine of the
9  exhibits to Mr. Beaver's complaint are incorporated by reference. *See id.* at 5 (relying on exhibit
10 1); *id.* at 7 (relying on exhibits 2 through 4); *id.* at 9 (relying on exhibits 3, 4, 7); *id.* at 10 (relying
11 on exhibit 8); *id.* at 11 (relying on exhibits 5 and 6); *id.* at 12 (relying on exhibits 3, 7, 8, 9); *id.* at
12 13 (relying on exhibit 3).

Because the United States asserts that the allegations contained in Mr. Beaver's complaint and the incorporated documents are insufficient on their face to invoke federal jurisdiction, it does not rely on extrinsic evidence, and the Court resolves the facial attack as it would a motion to dismiss under Rule 12(b)(6). *Safe Air for Everyone*, 373 F.3d at 1039; *Leite*, 749 F.3d at 1121.

   3.   Mr. Beaver's Complaint Alleges that the IRS Failed to Comply with Title 26

The parties' dispute centers on whether the IRS properly notified Mr. Beaver of the December 2024 summons to his bank (Wells Fargo). A chronology of the relevant correspondence—and the associated addresses—is helpful to contextualize the parties' arguments:

| Date | Document | Address |
| --- | --- | --- |
| Sept. 4, 2024 | Dkt. No. 19-1 at 57 (Exhibit 5): USPS change of address submission | • "Old address" 26450 NE 70th St. Redmond WA 98053-2647-50<br>• "New address" 23515 NE Novelty Hill Rd Ste B221 PMB 393; Redmond WA 98053-1996-21 |

ORDER DENYING MOTION TO DISMISS - 6

| Date | Description | Address |
|---|---|---|
| Sept. 30, 2024 | Dkt. No. 19-1 at 59–62 (Exhibit 6): Letter titled "Notice of Conditional Acceptance, Notice of Liability for *Ultra Vires* Acts, and Opportunity to Prevent Suit," stating that Mr. Beaver was "in receipt" of an "unverified 'Notice of Penalty Charge'" dated September 16, 2024, demanding that "Trustees or an agent" respond to his "Demand for Proof of Authority" or else he would "deem[]" the failure to respond as "Trustees' . . . admission that Trustees and Trustees' agents have no authority to make determinations about Beneficiary's 'tax returns,'" setting Mr. Beaver's "fee for protecting Beneficiary against unlawful administrative arrests (such as the Letters and the Assessment) at $100 per hour, and noting, "Please note Beneficiary's new mailing address *supra*." | September 16, 2024 Notice of Penalty Charge **of which Mr. Beaver was "in receipt":** 26450 NE 70th St., Redmond WA 98053-2647 (*id.* at 59, 62)<br><br>September 30, 2024 Letter "from" address: "c/o 23515 NE Novelty Hill Rd, B221-393 Redmond, Washington [98053]" (*id.* at 59) |
| Oct. 31, 2024 | Dkt. No. 19-1 at 64 (Exhibit 7): Letter from RA Bachman to Mr. Beaver stating that the IRS "ha[s] no record of receiving your tax returns for the form and tax periods shown above," asking to meet with him to discuss, and informing Mr. Beaver of his rights | 26450 NE 70th St Redmond, WA 98053-2647 |
| *Oct. 31, 2024* | *Dkt. No. 19-1 at 67 (Exhibit 7): Letter from RA Bachman to Mr. Beaver stating that the IRS "ha[s] no record of receiving your tax returns for the form and tax periods shown above," asking to meet with him to discuss, and informing Mr. Beaver of his rights (duplicate of the above but sent to a different address)* | *23515 NE Novelty Hill Road, B221-393 Redmond, WA 98053* |
| Oct. 31, 2024 | Dkt. No. 19-1 at 65–66 (Exhibit 7): Letter from RA Bachman to Mr. Beaver informing him that the IRS "intend[s] to contact other people" to obtain information regarding his federal tax liability, and informing him of his rights | 26450 NE 70th St Redmond, WA 98053-2647 |
| *Oct. 31, 2024* | *Dkt. No. 19-1 at 68–69 (Exhibit 7): Letter from RA Bachman to Mr. Beaver informing him that the IRS "intend[s] to contact other people" to obtain information regarding his federal tax liability, and informing him of his rights (duplicate of the above but sent to a different address)* | *23515 NE Novelty Hill Road, B221-39 Redmond, WA 98053* |
| Nov. 15, 2024 | Dkt. No. 19-1 at 94 (Exhibit 9): Letter from RA Bachman to Mr. Beaver following up after non-response to prior letter (*see id.* at 64, 67) | 26450 NE 70th St Redmond, WA 98053-2647 |
| *Nov. 15, 2024* | *Dkt. No. 19-1 at 89, 93 (Exhibits 8 and 9): Letter from RA Bachman to Mr. Beaver following up after non-response to prior letter (*see id. at 64, 67) (duplicate of the above but sent to a different address)* | *23515 NE Novelty Hill Road, B221-393 Redmond, WA 98053* |
| Nov. 22, 2024 | Dkt. No. 19-1 at 99–101 (Exhibit 9): Letter from RA Bachman responding to "recent correspondence" (possibly Mr. Beaver's September 30, 2024 letter) | 26450 NE 70th St Redmond, WA 98053 |
| *Nov. 22, 2024* | *Dkt. No. 19-1 at 96–98 (Exhibit 9): Letter from RA Bachman responding to "recent correspondence" (possibly Mr. Beaver's September 30, 2024 letter) (duplicate of the above but sent to a different address)* | *23515 NE Novelty Hill Road, B221-393 Redmond, WA 98053* |
| Dec. 19, 2024 | Dkt. No. 19-1 at 7 (Exhibit 3): Bachman declaration stating she served notice of the December 19, 2024 Wells Fargo summons on Mr. Beaver by certified mail on December 19, 2024 | 26450 NE 70th St. Redmond, WA 98053 |
| Jan. 27, 2025 | Dkt. No. 19-1 at 4 (Exhibit 2): Wells Fargo notice to Mr. Beaver of a "Legal order to release Wells Fargo records" by January 24, 2025. **Mr. Beaver states that he "received [this] notice[.]"** Dkt. No. 19 at 7. | 26450 NE 70th St. Redmond WA 98053-2647 |
| March 14, 2025 | Dkt. No. 19-1 at 8 (Exhibit 3): Bachman declaration stating she served notice of the March 2025 Wells Fargo summons to Mr. Beaver on March 14, 2025; *see also id.* at 21 (Exhibit 4: certification of notice to Mr. Beaver via certified mail), 53 (Exhibit 4: notice letter to Mr. Beaver dated October 31, 2024). **Mr. Beaver states that he received this notice and the one below regarding Bank of America.** Dkt. No. 19 at 10. | 26450 NE 70th St. Redmond, WA 98053 |

ORDER DENYING MOTION TO DISMISS - 7

| | | |
|---|---|---|
| March 14, 2025 | Dkt. No. 19-1 at 9 (Exhibit 3): Bachman declaration stating she served notice of the March 2025 Bank of America summons to Mr. Beaver on March 14, 2025; *see also id.* at 38 (Exhibit 4: certification of notice to Mr. Beaver via certified mail), 53 (Exhibit 4: notice letter to Mr. Beaver dated October 31, 2024) | 26450 NE 70th St. Redmond, WA 98053 |

Because RA Bachman sent various documents to Mr. Beaver's "new" Novelty Hill address (i.e., the correspondence in italics above) after he updated his address with USPS and sent the IRS another notice of his updated address in his "Notice of Conditional Acceptance, Notice of Liability for Ultra Vires Acts, and Opportunity to Prevent Suit," Mr. Beaver argues that RA Bachman's subsequent mailing of the December 2024 summons notice to only his "old" NE 70th Street address (i.e., not his "last known address") demonstrates bad faith and failure to comply with the procedures authorized by Title 26. Dkt. No. 19 at 7–12; Dkt. No. 24 at 8–11.

The procedures the IRS must follow when issuing third-party summonses pursuant to Section 7602 are set out in Section 7609. *Lidas, Inc. v. United States*, 238 F.3d 1076, 1083 (9th Cir. 2001). Section 7609(a)(1) provides that notice of a third party summons shall be given to any person identified in the description of the records contained in the summons within three days of the day on which service is made, "but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." 26 U.S.C. § 7609(a)(1). Service of the summons must be either personally delivered or "mailed by certified or registered mail to the last known address of such person . . . entitled to notice." 26 U.S.C. § 7609(a)(2). A taxpayer's "last known address" is defined in 26 C.F.R. § 301.6212-2 as "the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the Internal Revenue Service (IRS) is given clear and concise notification of a different address." With respect to changes of address with USPS, "if the taxpayer's name and last known address in IRS records match the taxpayer's name and old mailing address contained in the NCOA [(the United States Postal Service (USPS) National Change of Address)] database, the new address in the NCOA

ORDER DENYING MOTION TO DISMISS - 8

database is the taxpayer's last known address, unless the IRS is given clear and concise notification of a different address." 26 C.F.R. § 301.6212-2(b)(2)(i). "Clear and concise written notification" is "a written statement signed by the taxpayer . . . informing the Service that the taxpayer wishes the address of record changed to a new address," and containing the new address, the taxpayer's full name and old address, and his social security number, individual taxpayer identification number, or employer identification number. Rev. Proc. 2010-16, 2010-19 I.R.B. 664, § 5.04(1)(a) (2010). "In all cases, clear and concise written notification must be specific as to a change of address." *Id.*

Here, Mr. Beaver does not expressly allege that the IRS did not send notice of the December 19, 2024 Wells Fargo summons to his NE 70th Street address; he instead alleges that if the notice *was* sent, he did not receive it, and that the IRS should have sent the notice to his Novelty Hill address because that is his "last known address." *See* Dkt. No. 19 at 7–13. "When a notice or document is sent to a taxpayer's 'last known address,' it is legally effective even if the taxpayer never receives it," Rev. Proc. 2010-16, 2010-19 I.R.B. 664 § 2.01 (2010); thus, the key issue is whether the NE 70th Street address is Mr. Beaver's "last known address." The United States argues that the IRS need not have updated Mr. Beaver's address in response to his NCOA update because the addresses did not match: "the alleged NCOA submission shows Plaintiff's name as 'Beaver Ronald D,' and the zip code for his 'old address' includes 11 digits," whereas "[t]he documents from the IRS attached to the Amended Complaint (e.g., letters, notice copies of summons) show Plaintiff's name as either 'Ronald Beaver' or 'Ronald D. Beaver' and the zip code for his 'old address' with only five digits." Dkt. No. 20 at 9 (citing Dkt. No. 19-1 at 57, 73, 99).

The Court disagrees with the United States, at least based on the record available in Mr. Beaver's complaint and exhibits. Nothing in the NCOA records indicates that Mr. Beaver mistakenly inverted his first and last name on the USPS address update form. And with respect to

ORDER DENYING MOTION TO DISMISS - 9

zip codes, the available documents indicate that only two digits separated the address in the IRS files and the old address Mr. Beaver listed with NCOA: the IRS repeatedly used "98053-2647," *see, e.g.*, Dkt. No. 19-1 at 62, 64, 65, 94, while the NCOA address used "98053-2647-50," *id.* at 57. The IRS "is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address." *Wallin v. Comm'r*, 744 F.2d 674, 676 (9th Cir. 1984) (quoting *Alta Sierra Vista, Inc. v. Commissioner,* 62 T.C. 367, 374 (1974)). "[W]hether the IRS exercised reasonable diligence in complying with the 'last known address' rule . . . . is essentially a question of fact that turns on the information available to the IRS at the time it issued the notice." *Gaw v. Comm'r*, 45 F.3d 461, 465 (D.C. Cir. 1995). Here, the differences in the zip codes and name (at least on the limited record before the Court) are not so stark as to indicate irrefutably that the IRS exercised reasonable diligence in determining Mr. Beaver's last known address. And while the United States argues that the Court should still find that it substantially complied with the title 26 service requirements, Dkt. No. 20 at 12, the Court can only do so where "the IRS acted in good faith and there is no prejudice to the taxpayer," *United States v. Richey*, 632 F.3d 559, 565 (9th Cir. 2011). Mr. Beaver's complaint is not devoid of support for his allegation that the IRS did not act in good faith, *see* Dkt. No. 19 at 7–12 (alleging that the IRS acted in bad faith as demonstrated by the fact that it mailed the summons notice to only his old address after repeatedly sending prior correspondence to both his old and new addresses), and he also plausibly alleges that he "was deprived of notice and opportunity to quash the Summons as a consequence of Bachman's failure to follow 'procedures authorized by title 26,'" *id.* at 2.

While Section 3413(c) of RFPA states that it does not "prohibit[] the disclosure of financial records in accordance with procedures authorized by title 26," 12 U.S.C. § 3413(c), here, Mr. Beaver has plausibly alleged that the procedures followed by the IRS were not "in accordance with procedures authorized by title 26." Furthermore, the parties do not dispute that Wells Fargo is a

ORDER DENYING MOTION TO DISMISS - 10

"financial institution" of which Mr. Beaver is a "customer," and from which the IRS obtained "financial records." 12 U.S.C. § 3402. Thus, Mr. Beaver has stated a claim under RFPA. This is not to say that Mr. Beaver will ultimately succeed in this lawsuit; only that at this juncture, the Court cannot conclude that the disclosure at issue is exempt from RFPA and its waiver of the United States' immunity. *Hohman v. Eadie*, No. 16-CV-11429, 2016 WL 10906875, at *2 (E.D. Mich. Nov. 7, 2016) ("[B]ecause the alleged service of the summonses was not 'in accordance with procedures authorized by Title 26,' that service is not exempt from the RFPA.").[2]

### III. CONCLUSION

For the reasons stated above, the Court DENIES the United States' motion to dismiss.

Dated this 25th day of November, 2025.

Lauren King
United States District Judge

---

[2] The Court rejects Mr. Beaver's RFPA theory to the extent it is based on his assertion that he "is not in receipt of any document that verifies that either (a) [he] has ever been a citizen or resident of any federal territory, possession, or property or (b) [he] has elected to be treated as if he were a citizen or resident of a federal territory, possession, or property[.]" Dkt. No. 19 at 5. This assertion is directly contradicted by his birth certificate showing that he was born in Iowa. Dkt. No. 19-1 at 2. "All persons born . . . in the United States . . . are citizens of the United States," U.S. Const. amend. XIV, §1, and Mr. Beaver has provided no evidence that he has formally renounced his citizenship.