UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BEAVER,

                Plaintiff,

     v.

UNITED STATES OF AMERICA,

                Defendant.

CASE NO. 2:25-cv-00454-LK

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff Ronald Beaver's motion for partial summary judgment. Dkt. No. 36. For the reasons described below, the Court denies the motion.

## I.    BACKGROUND

Mr. Beaver, a pro se litigant, sued the U.S. Internal Revenue Service ("IRS"). He alleges in his amended complaint that the IRS sent a summons in December 2024 to Wells Fargo for Mr. Beaver's financial records, but failed to provide him sufficient notice, as required by 26 U.S.C. § 7609(a). Dkt. No. 19 at 2–4. Based on this alleged deficiency, Mr. Beaver avers that the IRS violated 12 U.S.C. §§ 3402, 3403, and 3405 (sections of the Right to Financial Privacy Act, or

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

"RFPA") because the exception for procedures authorized under Title 26 does not apply. *Id.* at 15. He seeks damages and injunctive relief preventing the IRS from retaining or using his financial records. *Id.*; *see* 12 U.S.C. §§ 3417–18. The Court denied the United States' motion to dismiss, finding that at the pleading stage Mr. Beaver had "plausibly alleged that the procedures followed by the IRS" violated Title 26, so "the Court cannot conclude that the disclosure at issue is exempt from RFPA and its waiver of the United States' immunity." Dkt. No. 26 at 10–11.

On February 2, 2026, Mr. Beaver moved for partial summary judgment. Dkt. No. 36.[1] The United States opposes Mr. Beaver's motion, arguing that the Court should either deny it or give the United States an opportunity to conduct discovery and supplement its response under Federal Rule of Civil Procedure 56(d). Dkt. No. 39.

## II.    DISCUSSION

### A.    Legal Standards

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court does not make credibility determinations or weigh the evidence at this stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The sole inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. And to the extent that the Court resolves factual issues in favor of the nonmoving party, this is true "only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

---

[1] Mr. Beaver also filed a second and third motion for partial summary judgment, Dkt. Nos. 41, 44, which the Court struck from the record because they violated the Local Civil Rules, Dkt. No. 46.

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

To establish that a fact cannot be genuinely disputed, the movant can either cite the record or show "that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). Once the movant has made such a showing, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation modified).

If the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)).

If a nonmovant has not yet had the "opportunity to discover information that is essential to its opposition," granting summary judgment is "precipitous [and] premature[.]" *Inteliclear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 663–64 (9th Cir. 2020) (citation modified). "[Q]uick summary judgment motions can impede informed resolution of fact-specific disputes." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Rsrv.*, 323 F.3d 767, 774 (9th Cir. 2003). Accordingly, a Rule 56(d) "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party

has not diligently pursued discovery of the evidence." *Burlington*, 323 F.3d at 773–74 (quoting *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992)); *see also Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (explaining that although the rule "facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition'" (quoting *Anderson*, 477 U.S. at 250 n.5)).

**B.      The Court Denies the Motion for Partial Summary Judgment under Rule 56(d)**

The Court previously concluded that "the key issue" in this litigation is which of two addresses associated with Mr. Beaver is properly considered his "last known address." Dkt. No. 26 at 9.[2] Mr. Beaver's motion for summary judgment does not focus on this issue but rather contends that the United States has not produced records "establishing timely deposit of notice with the Postal Service," and that the records the United States has produced show only that "the attempted notice was not successfully completed" because the notice was returned to sender. Dkt. No. 36 at 3. Therefore, he concludes, the IRS has not complied with 26 U.S.C. § 7609(a), and the exception to RFPA does not apply. *Id.* at 6. He requests that the Court enter partial summary judgment holding that the IRS "failed to provide notice in accordance with procedures authorized

---

[2] When issuing third-party summonses, the IRS must, among other things, serve the summons on the person whose records are at issue by personally delivering the summons or by mailing the summons "by certified or registered mail to the last known address of such person[.]" 26 U.S.C. § 7609(a)(2). A person's "last known address" for this purpose "is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the [IRS] is given clear and concise notification of a different address." 26 C.F.R. § 301.6212–2(a). "Clear and concise written notification" is "a written statement signed by the taxpayer . . . informing the [IRS] that the taxpayer wishes the address of record changed to a new address," and containing the new address and other identifying information. Rev. Proc. 2010-16, 2010-19 I.R.B. 664, § 5.04(1)(a) (2010). If the taxpayer has not notified the IRS of a new address, but has submitted a change of address with the United States Postal Service ("USPS"), the IRS will update the taxpayer's last known address to the address provided to USPS "if the taxpayer's name and last known address in IRS records match [his] name and old mailing address contained in the [USPS National Change of Address ('NCOA'))] database[.]" 26 C.F.R. § 301.6212–2(b)(2)(i).

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

by 26 U.S.C. § 7609(a)" and therefore "may not invoke the exemption" in RFPA, *id.* at 2, which expressly permits the "the disclosure of financial records in accordance with procedures authorized by [T]itle 26." 12 U.S.C. § 3413(c).

The United States contends that summary judgment is not warranted because the IRS did, in fact, mail the notice by the required date, and Section 7609 requires only that the notice be mailed by the correct date, not that Mr. Beaver actually receive the notice. Dkt. No. 39 at 5–7. Alternatively, the United States requests an order under Rule 56(d) giving it until May 31, 2026 (30 days after the close of discovery) to respond to the motion for summary judgment. *Id.* at 8–9. The United States argues that because "the dispute in this case centers on whether the address used by the IRS to send notice" to Mr. Beaver satisfied the IRS's obligations under Title 26, "additional discovery is needed to fully understand Plaintiff's living situation and relationship to the various addresses he uses, when and how Plaintiff became aware of the Wells Fargo summons, and Plaintiff's efforts, if any, to notify the IRS of his different addresses and which was operative at any given time." *Id.* at 9. Mr. Beaver did not address the United States' alternative Rule 56(d) argument in reply. *See generally* Dkt. No. 40.

The Court agrees that summary judgment is premature during the pendency of discovery because the United States has timely opposed the motion and specifically identified relevant information it seeks in discovery that is relevant to the crux of the parties' dispute and likely exists. *See Emps. Teamsters Loc. Nos. 175 & 505*, 353 F.3d at 1129 (a party opposing summary judgment to continue discovery must "must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists" (citation modified)). The declaration of counsel for the United States avers that it seeks in discovery documents and deposition testimony from Mr. Beaver regarding "his claims that he did not receive notice of the summons" and "his claims that he changed his address with

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

the IRS[.]" Dkt. No. 39-6 at 2–3. Development of these disputed factual claims will inform whether the IRS complied with 26 U.S.C. § 7609(a).

The United States has thus demonstrated that additional discovery is needed to "present facts essential to justify its opposition" to Mr. Beaver's motion, so the Court may "defer considering the motion or deny it[.]" Fed. R. Civ. P. 56(d)(1); *see Burlington*, 323 F.3d at 773–74 ("continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course"). The Court elects to deny Mr. Beaver's motion, rather than deferring consideration of it and providing the United States with additional time to oppose it, because additional discovery may allow the parties to further refine the key factual issues in a future motion for summary judgment. Under the existing case schedule, Dkt. No. 35, dispositive motions are due by June 1, 2026.

### III.  CONCLUSION

For the above reasons, Mr. Beaver's motion for partial summary judgment, Dkt. No. 36, is DENIED pursuant to Federal Rule of Civil Procedure 56(d).

Dated this 29th day of April, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 6